UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

RIVKA MARTHA MORIAH, et al.,

        Plaintiffs,

    - against -

BANK OF CHINA LIMITED,

        Defendant.

------------------------------------------------------- X

ERIC CANTOR,

        Movant.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

12 Civ. 1594 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/14

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

        On September 11, 2014, Plaintiffs subpoenaed Eric Cantor, former House Majority Leader of the U.S. House of Representatives, to appear for a deposition to testify about alleged conversations he had with the Prime Minister of Israel, Benjamin Netanyahu, while he was the Majority Leader. Cantor moved to

1

quash the subpoena on two grounds: (1) federal common law bars the deposition of a former high-ranking government official absent "extraordinary circumstances"; and (2) Cantor is immune under the Speech or Debate Clause of the U.S. Constitution.[1] For the reasons set forth below, Cantor's motion to quash the subpoena is GRANTED.

## II. BACKGROUND[2]

Plaintiffs seek to depose Cantor in connection with a future application for a spoliation sanction. Plaintiffs had sought testimony from Uzi Shaya, a former Israeli national security officer. The State of Israel, after initially supporting Plaintiffs' attempts to secure Shaya's testimony, later withdrew that support.

Plaintiffs allege that Israel withdrew its support for Shaya's testimony because of pressure exerted on Israel by the People's Republic of China, and claim that Cantor has information regarding this alleged pressure. Cantor is a family

---

[1] See Memorandum in Support of Motion of Non-Party the Honorable Eric Cantor to Quash September 11, 2014 Subpoena Ad Testificandum, at 1–2.

[2] This case has proceeded in tandem with the *Wultz v. Bank of China* case. The general facts and procedural history of these cases and Plaintiffs' numerous attempts to obtain discovery from Bank of China were laid out in previous opinions and familiarity with them is assumed. *See Wultz v. Bank of China Ltd.*, No. 11 Civ. 1266, 2014 WL 3610898 (S.D.N.Y. July 21, 2014); *Wultz v. Bank of China Ltd.*, 942 F. Supp. 2d 452 (S.D.N.Y. 2013); *Wultz v. Bank of China Ltd.*, 910 F. Supp. 2d 548 (S.D.N.Y. 2012).

2

member of a plaintiff in the *Wultz* litigation, Sheryl Cantor Wultz, and Plaintiffs contend that Cantor or his staff took actions to encourage Israel to allow Shaya's testimony.[3] Specifically, Plaintiffs allege that "Cantor or his staff had repeated direct and indirect contacts with the [Prime Minister's Office] on this issue. . . . Cantor himself spoke behind the scenes to [Prime Minister] Netanyahu and his advisors . . . ."[4] Plaintiffs also point to an August 2013 visit Cantor, along with several other members of Congress, made to Israel.[5] Plaintiffs allege that during that trip, Cantor "discussed Shaya's testimony with Netanyahu."[6] Plaintiffs base their allegations on several Israeli newspaper articles that discuss Cantor's interest in the litigation, relationship with certain Israeli officials, and attempts to persuade Israeli officials to allow Shaya's testimony.[7]

From January 2001 to August 2014, Cantor served as the United

---

[3] *See* 9/30/14 Letter from Robert Tolchin, counsel for Plaintiffs, to the Court ("Tolchin Letter").

[4] *Id.* at 1.

[5] *See id.*; 11/6/14 Declaration of the Honorable Eric Cantor in Support of Motion of Non-Party the Honorable Eric Cantor to Quash September 11, 2014 Subpoena Ad Testificandum ("Cantor Decl.") ¶ 10.

[6] Tolchin Letter, at 1.

[7] *See* Translated Newspaper Articles, Exs. C & D to Tolchin Letter.

States Representative for the 7th Congressional District of Virginia,[8] and as the Majority Leader of the United States House of Representatives from January 2011 to July 2014.[9] Cantor concedes that he met with Netanyahu during the August 2013 trip to Israel, but states that he has "never had any discussions about Mr. Shaya's deposition with any Israeli official."[10] Further, he states that from the time this litigation was filed until the date of his declaration, he took only one trip to Israel, and that this trip was made in his "official capacity as a member of a Congressional fact-finding delegation."[11] Further, Cantor declares that he has "never requested in any manner, directly or indirectly (i.e., through my staff, other Members of Congress, or intermediaries of any kind), that any Israeli official take any action whatsoever with respect to the *Wultz* or *Moriah* litigations, and I have never raised the *Wultz* or *Moriah* litigations with any Israeli official."[12] He states that he "instructed senior members of [his] staff that [he] was not involved in the litigation and directed that they take no actions relating to the litigation."[13] He

---

[8]    Cantor Decl. ¶ 2.

[9]    *Id.* ¶ 3.

[10]    *Id.* ¶¶ 8, 10.

[11]    *Id.* ¶ 9.

[12]    *Id.* ¶ 6.

[13]    *Id.* ¶ 5.

denies being involved in the *Wultz* litigation in any manner.[14] Finally, he declares that Plaintiffs' allegation that he "'can shed light on the reasons for Israel's reneging on its promise to allow Shaya's testimony based on information conveyed to [him] by Israeli officials'" is untrue.[15]

## III. EXCEPTIONAL CIRCUMSTANCES[16]

"[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition."[17] These circumstances include that "the official has unique first-hand knowledge" or "that the necessary information cannot be obtained through other, less burdensome or intrusive means."[18] Such protection is necessary because these officials have "'greater duties and time constraints than other witnesses.'"[19] "If courts did not

---

[14] *See id.* ¶ 4.

[15] *Id.* ¶ 8.

[16] Cantor also moves to quash the subpoena on the grounds that he is immune under the Speech or Debate Clause. *See* U.S. Const. art. I, § 6, cl. 1. Because I find that the deposition may be quashed under the exceptional circumstances doctrine, I need not determine whether the Speech or Debate Clause also bars his testimony.

[17] *Leaderman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (citing *United States v. Morgan*, 313 U.S. 409 (1941)).

[18] *Id.*

[19] *Id.* (quoting *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993)).

limit these depositions, such officials would spend 'an inordinate amount of time tending to pending litigation.'"[20]

This doctrine applies to both current and former high-ranking officials.[21] Although the doctrine applies to former officials, the fact that they are not current high-ranking officials is a factor when considering whether the information can be obtained through less burdensome means and whether the deposition will interfere with the official's government duties.[22]

## IV. DISCUSSION

Plaintiffs cannot demonstrate exceptional circumstances that would allow a deposition of Cantor because they cannot establish that Cantor "has unique first-hand knowledge" related in any manner to this litigation. Plaintiffs rely on newspaper articles that suggest Cantor has information about the reasons Israel

---

[20] *Id.* (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)).

[21] *See id.* (applying exceptional circumstances doctrine to former deputy Mayor).

[22] *See U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 322, 325–27 (D.N.J. 2009); *see also Energy Capital Corp. v. United States*, 60 Fed. Cl. 315, 318 (Fed. Cl. 2004); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1049-50 (E.D. Cal. 2010); *U.S. v. Wal-Mart Stores*, No. CIV.A. PJM-01-CV-152, 2002 WL 562301, at *3-4 (D. Md. March 29, 2002) ("If the immunity *Morgan* affords is to have any meaning, the protections must continue upon the official's departure from public service."). *But see Byrd v. District of Columbia*, 259 F.R.D. 1, 8 (D.D.C. 2009) (holding that the current, and not the former position should be evaluated).

withdrew its support for Shaya's testimony. However, Cantor's declaration squarely refutes the allegations in the newspaper articles. Cantor declares, under penalty of perjury, that he has "never had any discussions about Mr. Shaya's deposition with any Israeli official."[23] Further, he states that he never directly or indirectly requested "any Israeli official to take any action whatsoever with respect to the *Wultz* or *Moriah* litigations, and [he has] never raised the *Wultz* or *Moriah* litigations with any Israeli official."[24] Based on these statements, Cantor has *no* knowledge that is at all relevant to this case, let alone "unique first-hand knowledge" that would establish exceptional circumstances to allow the deposition of a high-ranking government official.[25]

Plaintiffs claim that Cantor's declaration does not establish that he has no knowledge regarding why Israel has not allowed Shaya to testify. Plaintiffs contend that the declaration is "a craftily-phrased lawyer's exercise in razor-thin

---

[23] Cantor Decl. ¶ 8.

[24] *Id.* ¶ 6.

[25] *Leaderman*, 731 F.3d at 203. To the extent that Plaintiffs contend Cantor's actions were "in his capacity as a family member of the Wultzes, not as a congressman," this argument is unavailing. Tolchin Letter, at 1. Even if his personal connection to one of the plaintiffs motivated his alleged actions, his position as a congressman allowed him the access that Plaintiffs contend he used to gain the information Plaintiffs seek. Thus, the exceptional circumstances doctrine applies.

7

denials prevaricating right up to the edge of wiggle room."[26] I disagree. Cantor has addressed all of Plaintiffs' allegations regarding his supposed knowledge, and declared under oath that they are untrue. It is difficult to imagine how Cantor could have been any clearer. He stated plainly that he is not involved in the litigation in any manner, and that he has no knowledge related to Shaya's deposition.[27] Plaintiffs claim that the wording of Cantor's declaration leaves open the possibility that members of his staff "engaged in obtaining information" or that Israeli officials "discussed the issue of Uzi Shaya's testimony with him or one of his aides, colleagues or intermediaries . . . ."[28] However, this Court invited Plaintiffs to direct interrogatories to Cantor in order to better define the scope of the inquiry.[29] Plaintiffs did not do so, and therefore they cannot now claim that his

---

[26] Plaintiffs' Memorandum in Response to Eric Cantor's Motion to Quash, at 1.

[27] *See* Cantor Decl. ¶ 8 ("I understand Plaintiffs allege that I 'can shed light on the reasons for Israel's reneging on its promise to allow Shaya's testimony based on information conveyed to [me] by Israeli officials.' This is untrue. I was never told why Israel has not allowed Mr. Shaya to be deposed and I have never had any discussions about Mr. Shaya's deposition with any Israeli official.").

[28] *Id.* at 2.

[29] *See* Hearing Transcript at 36, 44 (Oct. 21, 2014).

declaration does not address any specific facts that Plaintiffs had hoped to learn.[30]

In short, Cantor's declaration establishes that he has no relevant information. In light of this, Plaintiffs cannot demonstrate exceptional circumstances that would permit the deposition of a former high-ranking government official.

## V.    CONCLUSION

For the foregoing reasons, Cantor's motion is GRANTED and the subpoena is quashed. The Clerk of the Court is directed to close this motion (Docket No. 102).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 17, 2014

---

[30]    *See* Reply Memorandum in Further Support of Motion of Non-Party the Honorable Eric Cantor to Quash September 11, 2014 Subpoena Ad Testificandum, at 4.

- **Appearances** -

**For Plaintiffs:**

Robert Joseph Tolchin, Esq.
Aalok J. Karambelkar, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
(718) 885-3627

**For Defendant:**

Mitchell R. Berger, Esq.
Patton Boggs LLP (DC)
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-5601

Lanier Saperstein, Esq.
William G. Primps, Esq.
Neil McDonell, Esq.
Eric Epstein, Esq.
Daniel Goldberger, Esq.
H. Alex Iliff, Esq.
Geoffrey Sant, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9309

**For Eric Cantor:**

Eleni Roumel
Kimberly Ann Hamm
Assistant Counsel, U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700