## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA MARTHA MORIAH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF CHINA, LTD,<br><br>　　　　Defendant. | Case No. 12 Civ. 1594 (SAS) |

### DR. JOSEPH CIECHANOVER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES REGARDING IMMUNITY

Dr. Joseph Ciechanover hereby submits objections and responses to Plaintiffs' Interrogatories, in accordance with this Court's directives issued at the November 25, 2014 hearing and pursuant to the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.  These responses are given without prejudice to Dr. Ciechanover's claim of immunity as set forth in his submission to the Court in response to the Order to Show Cause.  Rather, Dr. Ciechanover provides the responses to confirm that he was acting at the direction of the Government of Israel in respect to this matter.

### GENERAL OBJECTIONS

Dr. Ciechanover incorporates the following general objections into each of his responses to Plaintiffs' Interrogatories:

1. Dr. Ciechanover objects to Plaintiffs' Interrogatories to the extent that Plaintiffs call for information that is protected by any applicable privilege or immunity, including foreign official immunity.

2. Dr. Ciechanover objects to Plaintiffs' Interrogatories to the extent they seek information outside the scope of discovery permitted by the Court's directives during the hearing on November 25, 2014.

3. Dr. Ciechanover objects to Plaintiffs' Interrogatories to the extent they would require the production of information inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

4. Dr. Ciechanover objects to Plaintiffs' Interrogatories to the extent they purport to require Dr. Ciechanover to identify and describe "any" or all information or "every" matter on the grounds and to the extent that such requests are overly broad and unduly burdensome.

5. Dr. Ciechanover objects to Plaintiffs' Interrogatories to the extent that: (a) the discovery sought by any such Interrogatory is unreasonably cumulative, duplicative, redundant, or is obtainable from some other source (including but not limited to a public source) that is more convenient, less burdensome, or less expensive; and (b) compliance with any such Interrogatory would be unduly burdensome, unduly expensive, harassing, annoying, or oppressive.

6. Dr. Ciechanover objects to those of Plaintiffs' Interrogatories not confined to a relevant time period because they are overly broad, vague, and seek information neither relevant to the limited purpose of this discovery nor the subject matter of this lawsuit.  Consistent with the Court's directives at the hearing on November 25, 2014, Dr. Ciechanover will provide responses relevant only to whether his involvement in this matter was at the direction of the Government of Israel.

7. Nothing in these responses should be construed as waiving rights or objections which otherwise might be available to Dr. Ciechanover, nor should the answering of any of

Plaintiffs' Interrogatories by Dr. Ciechanover be deemed an admission of relevancy, materiality, or admissibility in evidence of Plaintiffs' Interrogatories or the responses thereto.

8.  Dr. Ciechanover's responses are based upon his present knowledge, information, and belief. Dr. Ciechanover reserves the right to supplement these responses.

9.  Dr. Ciechanover reserves all objections to the admissibility at trial of any information provided in these responses to Plaintiffs' Interrogatories, or any information produced pursuant thereto including, without limitation, all objections on the grounds that such information is not relevant to any claim or defense of any party. The production of any information does not constitute an admission by Dr. Ciechanover that such information is relevant to the subject matter of the pending litigation or relevant to a claim or defense of any party. Dr. Ciechanover reserves the right to object to further inquiry with respect to any subject matter.

10. All information provided in response to Plaintiffs' Interrogatories will be provided for use in this litigation only and for no other purpose. In addition, any information provided in response to Plaintiffs' Interrogatories may be used only as expressly permitted by any protective order approved by the Court and/or agreed to by the parties in this proceeding, and information contained in responses to Plaintiffs' Interrogatories is, and will be, subject to protection under any protective order whether such order is entered before or after responses are served on Plaintiffs.

11. As set forth in the letter dated December 15, 2014, from Stewart Aaron to Robert Tolchin, all interrogatories not included below are irrelevant, beyond the scope of the Court's directives at the hearing on November 25, 2014, and/or duplicative of the questions answered below.

Accordingly, Dr. Ciechanover will not be responding to those Interrogatories absent an order of the Court.

**RESPONSES TO INTERROGATORIES**

Without waiver to Dr. Ciechanover's position that the Court lacks jurisdiction to issue a subpoena to him, for the reasons set forth in his response filed on November 7, 2014 to the Court's Order to Show Cause, and subject to the General Objections above, Dr. Ciechanover responds as follows:

INTERROGATORY 4:

Explain the nature of your status as a "senior advisor."

RESPONSE TO INTERROGATORY 4:

I have been a senior advisor to various high-ranking Israeli government officials following my retirement from civil service in 1980. For example, I have served and advised Prime Ministers Yitzhak Shamir (1986–1992), Ariel Sharon (2001–2006), Ehud Olmert (2006–2009), and Benjamin Netanyahu (1996–1999, 2009–present). Although this role does not involve a formal appointment, I am called upon from time to time by senior government officials to provide insight on a given issue or assist on particular assignments. The assignments vary in scope—ranging from nearly full-time projects over the course of several months to, as in this case, a single phone call.

In this particular case, I was asked by the Prime Minister's Office to contact counsel for the plaintiffs in this U.S. litigation to inquire whether the parties might be amenable to resolving their claims out of court, e.g., by way of arbitration or otherwise. My direction from the Prime Minister's Office simply was to make the inquiry and establish a line of communication. As I stated in my declaration of November 7, 2014, I agreed to contact plaintiffs' counsel and reported back what I learned from Mr. Lee Wolosky.

4

INTERROGATORY 16:

With regard to the statement in paragraph 4 of your declaration . . . that you were "contacted by the Prime Minister's Office," state:

a. Who in the Prime Minister's Office contacted you?

b. What was the title of the person who contacted you?

c. Did this contact include contact with the Prime Minister?

d. How many conversations were involved in this "contact."

e. Was this "contact" by telephone, in person, or otherwise?

RESPONSES TO INTERROGATORY 16:

a. Major General (Res.) Yaacov Amidror.

b. When he contacted me on this issue, General Amidror was the National Security Advisor and the head of the National Security Council.

c. No.

d. I had one conversation with General Amidror about this matter before my call to Mr. Lee Wolosky, and one call with General Amidror afterward.

e. As best as I can recall, by telephone.

INTERROGATORY 17:

When you state in paragraph 5 of the Declaration, "[a]s instructed, I contacted . . . Lee Wolosky," who gave you those instructions?

RESPONSE TO INTERROGATORY 17:

General Amidror.

5

INTERROGATORY 18:

When you stated in paragraph 6 of your Declaration that you "report the content of the telephone conversation with Mr. Wolosky to the Prime Minister's Office," state:

a. To whom in the Prime Minister's Office did you report?

b. What was the title of the person to whom you reported?

c. Did you report to the Prime Minister?

d. How many conversations were involved in this "report"?

e. Was this "report" by telephone, in person, in writing, or otherwise?

RESPONSES TO INTERROGATORY 18:

a. General Amidror.

b. General Amidror was at that time the National Security Advisor and head of the National Security Council.

c. No. However, the National Security Advisor is a member of the Prime Minister's Office.

d. I had one conversation with General Amidror to inform him about my call with Mr. Wolosky.

e. As best as I can recall, by telephone.

INTERROGATORY 39:

Do you contend that your contact with Mr. Wolosky was made as an agent of the State of Israel?

RESPONSE TO INTERROGATORY 39:

Yes, I was acting as an agent of the State of Israel in the sense that my call to Mr. Wolosky was made at the request of and at the direction of General Amidror on behalf of the

6

Prime Minister's Office.  I had no involvement in this matter in my capacity as a private citizen.  My response to this question relates only to the purpose of immunity and not to any specific definition of "agent" applicable to other laws of any country.

INTERROGATORY 40:

If you contend that your contact with Mr. Wolosky was made as an agent of the Government of Israel, identify each fact or circumstance that you contend substantiates your claim to having been acting as an "agent" of the Government of Israel.

RESPONSE TO INTERROGATORY 40:

My answers to the questions above, along with my declaration dated November 7, 2014, substantiate my status as an agent of the Government of Israel with respect to immunity for my involvement in this matter.  Furthermore, I understand that the current Israeli National Security Advisor, Yossi Cohen, has prepared a letter to the Court corroborating my account and affirming the Government's position that I am entitled to immunity as an agent of the Government of Israel with respect to this matter.

AS TO THE OBJECTIONS

Respectfully submitted,

/s/ Stewart D. Aaron
Stewart D. Aaron
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022-4690
(212) 715-1114
(212) 715-1399 (fax)
stewart.aaron@aporter.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA MARTHA MORIAH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF CHINA, LTD, <br><br> Defendant. | Case No. 12 Civ. 1594 (SAS) |

**VERIFICATION**

I, Dr. Joseph Ciechanover, declare pursuant to 28 U.S.C. § 1746 as follows:

I have read Dr. Joseph Ciechanover's Objections and Responses to Plaintiffs' Interrogatories Regarding Immunity and know the contents thereof.

The answers provided in response to Plaintiffs' Interrogatories Regarding Immunity are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __7__ day of January, 2015

Respectfully submitted,

_____
Dr. Joseph Ciechanover