# ARNOLD & PORTER LLP

**Stewart D. Aaron**
Stewart.Aaron@aporter.com

+1 212.715.1114
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 20, 2014

**VIA ECF (on all counsel) AND HAND DELIVERY (of courtesy copy to Court)**

The Honorable Shira A. Scheindlin
United States District Court Southern District of New York
500 Pearl Street, Room 1620
New York, NY  10007

Re:    *Moriah v. Bank of China*, 12-cv-1594 (SAS) (GWG)

Dear Judge Scheindlin:

On behalf of Dr. Joseph Ciechanover, this letter notifies the Court that Dr. Ciechanover has submitted voluntary responses to certain interrogatory questions posed by plaintiffs' counsel, Mr. Robert Tolchin. *See* ECF #127. These answers are given in further support of Dr. Ciechanover's Response to the Court's Order to Show Cause, ECF #107, in the manner directed by the Court at the hearing on November 25, 2014.

Consistent with Your Honor's instructions at the November 25 hearing, Dr. Ciechanover responded to Mr. Tolchin on December 15, 2014, and identified those interrogatories to which he would respond voluntarily. *See* 12/15/14 Ltr. from Stewart Aaron to Robert Tolchin (attached). A month has passed, and Mr. Tolchin has not taken any action to obtain a ruling on Dr. Ciecahnover's objections or his offer to answer certain questions voluntarily. Rather than continue to wait, Dr. Ciechanover directed us to submit his answers to the Court, as Your Honor foreshadowed at the November 25 hearing, in order to "complete the record" and "be done with it." 11/25/14 Hrg. Tr. 42:11–14.

Respectfully submitted,

*Stewart D. Aaron*

Stewart D. Aaron

Enclosure

# ARNOLD & PORTER LLP

**Stewart D. Aaron**
Stewart.Aaron@aporter.com

+1 212.715.1114
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

**WITHOUT PREJUDICE**

December 15, 2014

**VIA E-MAIL**

Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
rtolchin@berkmanlaw.com

    Re:    Objections to Interrogatory Questions

Dear Mr. Tolchin:

    Thank you for sending along the list of interrogatory questions for Dr. Ciechanover on December 8. Fifty-five questions and subparts is excessive for the limited purpose of determining, as Judge Scheindlin put it, "the capacity in which [Dr. Ciechanover] was making this approach" to Mr. Wolosky. 11/25/14 Hrg. Tr. 42:5–6. The Court was clear that the only relevant question at this stage is whether Dr. Ciechanover was acting at the direction of the Israeli Government during the course of his single conversation with Mr. Wolosky.

    Dr. Ciechanover has agreed, without prejudice to his immunity or any other defenses, to respond voluntarily to the following 14 questions/subparts consistent with the parameters established by the Court in the hearing on November 25:

    4. "Explain the nature of your status as a 'senior advisor.'" In order to conform with the Court's limiting instructions, this question will be answered with the condition "as it relates to this matter."

    16. "With regard to the statement in paragraph 4 of your declaration . . . that you were 'contacted by the Prime Minister's Office,' state:

      a. Who in the Prime Minister's Office contacted you?
      b. What was the title of the person who contacted you?
      c. Did this contact include contact with the Prime Minister?
      d. How many conversations were involved in this 'contact'?
      e. Was this 'contact' by telephone, in person, or otherwise?"

ARNOLD & PORTER LLP

December 15, 2014
Page 2

17. "When you state in paragraph 5 of the Declaration, '[a]s instructed, I contacted . . . Lee Wolosky,' who gave you those instructions?"

18. "When you stated in paragraph 6 of your Declaration that you 'reported the content of the telephone conversation with Mr. Wolosky to the Prime Minister's Office,' state:

   a. To whom in the Prime Minister's Office did you report?
   b. What was the title of the person to whom you reported?
   c. Did you report to the Prime Minister?
   d. How many conversations were involved in this 'report'?
   e. Was this 'report' by telephone, in person, in writing, or otherwise?"

39. "Do you contend that your contact with Mr. Wolosky was made as an agent of the Government if [sic] Israel?"

40. "If you contend that your contact with Mr. Wolosky was made as an agent of the Government of Israel, identify each fact or circumstance that you contend substantiates your claim to having been acting as an 'agent' of the Government of Israel."

We object to the remaining questions as irrelevant, beyond the scope of the Court's limiting instructions, and/or duplicative of the questions listed above. Dr. Ciechanover is prepared to provide responses within 14 days of a ruling from Judge Scheindlin on these objections. Alternatively, if you agree to amend your interrogatory request to include only the questions listed above, then Dr. Ciechanover will respond within 14 days of receiving the amended request.

Sincerely,

*Stewart D. Aaron* (signature)

Stewart D. Aaron