# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627																																				Fax: (718) 855-4696

February 28, 2015

**BY ECF**
Hon. Shira A. Scheindlin
United States District Judge
United States District Court
    for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:  *Moriah v. Bank of China,* Docket no. 12-cv-1594(SAS)
          *Wultz v. Bank of China,* Docket no. 11-cv-1266 (SAS)
          Response to defendant's pre-motion letter re summary judgment motion

Dear Judge Scheindlin,

    This letter is submitted on behalf of the plaintiffs in the *Moriah* action in response to the defendant BOC's pre-motion letter of February 23, 2015 regarding its planned summary judgment motion.

    The Moriah plaintiffs join in the letter of even date submitted by the plaintiffs in the *Wultz* case and will not burden the court with a repetitious presentation here of the same arguments.

    However, I do wish to specifically address BOC's arguments relating to the state-law claims that are asserted in the *Moriah* case, and which were also asserted in the *Wultz* case as originally pleased.

    BOC argues that the non-federal claims asserted in the *Moriah* case should fail as a matter of law based on this Court's ruling in *Wultz*, 2012 WL 5431013 (S.D.N.Y. Nov. 5, 2012) (*Wultz* Dkt. 192), in which this Court held that the non-federal claims asserted were not cognizable under Chinese law. This

THE BERKMAN LAW OFFICE, LLC				February 28, 2015
							Page 2 of 3

Court had previously held that Israeli law governed, *Wultz v. Bank of China, Ltd.,* 811 F. Supp. 2d 841 (S.D.N.Y. Aug. 3, 2011) (*Wultz* Dkt. 119), but then withdrew that decision and held that Chinese law governed the Plaintiffs' non-federal claims, *Wultz*, 865 F. Supp. 2d 425 (S.D.N.Y. 2012) (Dkt. 149), applying the Second Circuit ruling in *Licci v. Lebanese Canadian Bank*, 672 F.3d 155 (2d Cir. 2012), which, in turn, interpreted New York choice of law rules.

Since the *Licci* and *Wultz* decisions, however, the New York State courts have squarely held that nonfederal claims against Bank of China for terrorism acts occurring in Israel are governed by the law of the place of the injury (Israel), not the place of the bank's conduct. *Elmaliach v. Bank of China Ltd.*, 110 A.D.3d 192 (1st Dep't 2013). *Elmaliach* is a case pending in state court raising claims very similar to the claims in this case, except with plaintiffs who are not U.S. citizens and therefore cannot maintain an ATA claim, and thus have no federal subject matter jurisdiction. The undersigned is counsel for the plaintiffs in *Elmaliach.* In *Elmaliach*, the First Department expressly explicitly disagreed with the Second Circuit's reasoning in *Licci*. 110 A.D.3d at 204, and held—as this Court had originally held before *Licci*—that Israeli law applied. The Bank of China has appealed that decision to the New York State Court of Appeals.

The *Elmaliach* appeal has been fully briefed and was argued by Mitchell Berger, Esq. and the undersigned on January 5, 2015 in the Court of Appeals. However, at the time the court only had five judges, rather than its usual complement of seven, as there were two vacancies. After the argument, the parties were informed that the court had decided to hold argument again once the vacancies were filed and the court was back to seven judges. Since then, the two vacancies have been filled, and the parties are waiting for a second oral argument to be scheduled, which should be in the near future.

THE BERKMAN LAW OFFICE, LLC  February 28, 2015
Page 3 of 3

In any event, a definitive decision on whether *Licci* or *Elmaliach* correctly espouses the law of New York should be handed down by the New York Court of Appeals in the next few months. If the Court of Appeals affirms the First Department, then the state's highest court will have determined how New York choice of law rules apply to this very fact pattern, and the federal courts of the Second Circuit will be obliged to follow. Not only would this mean that the non-federal claims alleged in *Moriah* could survive summary judgment, but the non-federal claims in *Wultz* would be subject to reinstatement.[1]

Respectfully yours,

Robert J. Tolchin

cc:  All counsel of record, by ECF

---

[1] Regarding the statute of limitations argument raised in a footnote of BOC's letter with respect to the state law claims, plaintiffs submit that the BOC is equitably estopped from invoking the statute of limitations based on their conduct of hiding what had occurred and depriving the plaintiffs of any source of information from which the claims against BOC could be discerned. Additionally, it is not at all clear that the three year negligence/personal injury limitations period applies as BOC suggests, as opposed to the six year catchall limitations period of CPLR § 213(1). Plaintiffs' claims under Israeli law are unknown to New York law and therefore are not specifically covered by any limitations period of New York law, and therefore the catchall provision applicable to "an action for which no limitation is specifically prescribed by law," *id.,* should be applied.