# KANTOR|DAVIDOFF

Kantor, Davidoff, Mandelker, Twomey, Gallanty & Kesten, P.C.
415 Madison Avenue, 16th Floor
New York, New York 10017
Tel: (212) 682-8383
Fax: (212) 949-5206
www.kantordavidoff.com

Connecticut Office
495 Post Road East
Westport, CT 06880
Tel: (203) 222-1100
Fax: (203) 226-7323

Gary Hoppe
Partner
Writer's extension: 733
Writer's e-mail: hoppe@kantordavidoff.com

August 25, 2015

**BY EMAIL TO angela_delsignore@nysd.uscourts.gov**

Hon. Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

Re:   *Moriah v. Bank of China*, Docket No. 12-cv-1594(SAS)
      Proposed Motion to Intervene of Hirshfeld Plaintiffs

Dear Judge Scheindlin:

This letter is submitted on behalf of proposed plaintiffs in intervention, the mother, father, siblings, and the administrator of the Estate of Yonadav Hirshfeld, an American citizen who was killed in the same terrorist attack at the Mercaz Harav yeshiva in Jerusalem, on March 6, 2008, that is the subject matter of this ongoing case (the "Hirshfeld Plaintiffs").

Pursuant to Your Honor's Individual Rule IV.A., the Hirshfeld Plaintiffs respectfully request that a pre-motion conference be held September 1, 2015, if possible, or as soon thereafter as practicable. The Hirshfeld Plaintiffs plan to move for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, on the grounds that their claims against Bank of China are essentially identical to those of existing *Moriah* plaintiffs, and thus share all common questions of law and fact. Alternatively, the Hirshfeld Plaintiffs seek to move to intervene pursuant to Rule 24(a) on the basis that their interests in seeking compensation for the same terrorist attack which is the subject of this action are being litigated herein, and the disposition of the *Moriah* plaintiffs' claims in this case would as a practical matter impair or impede movants' ability to protect their interests unless they are allowed to intervene.

The Hirshfeld Plaintiffs are all United States citizens, and have not initiated any similar claims or action against defendant the Bank of China in any court. A proposed Complaint in Intervention has been prepared, which demonstrates the identity of facts and claims to those

1

asserted by plaintiffs here, including claims based on the Antiterrorism Act, 18 U.S.C. Sections 2331 et seq., but it is our understanding of Your Honor's Rules regarding page limits that the proposed complaint could not be filed nor attached to this letter. The proposed complaint can be submitted at any time this Court requests.

The facts supporting intervention are simple. Yonadav Hirshfeld was a student at the Mercaz Harav yeshiva killed in the same terrorist attack as decedent Avraham David Moses, on whose behalf several existing plaintiffs bring this action. He was killed by the same gunman, who acted on behalf of Hamas, which later claimed responsibility for the attack. Under applicable provisions of the Antiterrorism Act, the Bank of China is liable to all victims, personal representatives, and survivors of the same terrorist attack who were and are United States citizens.

The Hirshfeld Plaintiffs are: Elisheva Hirshfeld, (mother of decedent Yonadav Hirshfeld) individually and as the natural guardian of minor plaintiffs E. S. H., E. H., and S. H., who are siblings of decedent Yonadav Hirshfeld; Zemach Hirshfeld (father), individually, and as the natural guardian of the same minor plaintiffs; and siblings Zimrat Bracha (Hirshfeld) Zukerman, Haya Hamital (Hirshfeld) Hacohen-Novick, Yedidya Hirshfeld, Hana (Hirshfeld) Shandorfy, David Yinon Hirshfeld, Aviya (Hirshfeld) Freedman, and the Estate of Yonadav Hirshfeld represented by Dr. Michael Engelberg, who has filed or imminently will file an application for appointment as Administrator of the Estate in the New York County Surrogate's Court.

Rule 24(b) provides: "Upon timely motion the court may permit anyone to intervene who . . . (2) has a claim or defense that shares with the main action a common question of law or fact.... In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

The Hirshfeld Plaintiffs clearly meet the requirement related to "common question of law or fact." Here, all questions of law and fact are completely in common. The Hirshfeld Plaintiffs also believe that their motion is timely. So far as the ECF docket reveals, no dispositive motions have been submitted or decided in this action. For the same reason, the Hirshfeld Plaintiffs believe their intervention will not introduce any "undue delay" or prejudice the adjudication of the rights of the original parties. They willingly accept whatever pretrial and trial schedule is currently applicable to the original parties. "Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes*, 25 F.3d 66, 70 (2d Cir. 1994). Here, the prejudice to the Hirshfeld Plaintiffs could be great if their motion is denied, whereas there appears to be little or no prejudice to existing parties from any minimal delay introduced.

Alternatively, the Hirshfeld Plaintiffs also intend to seek intervention as of right under Rule 24(a), because they claim "an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Once again, there is no question that the Hirshfeld Plaintiffs' interests relate to the same transaction--the same terrorist attack-- and there is likely to be no prejudice to existing parties from any minor delay, whereas there could be significant prejudice to the

Hirshfeld Plaintiffs if their motion is denied and they are forced to commence a repetitive litigation against the Bank of China starting at square one.

The bottom line is that there is no reason why the proposed plaintiffs in intervention should be treated any differently--or be subject to any different possible outcome--than the plaintiffs already before the Court. They suffered the same loss in the same terrorist attack. Any differential treatment or requirement that they start a new action would not only be a waste of judicial resources, but also plainly inequitable to most deserving claimants.

Also, by copy of this letter, sent via ECF and email to all counsel of record, we respectfully request, in furtherance of this Court's Individual Rule IV.C., that counsel for the existing parties advise us if there is any opposition to the admission *pro hac vice* of Paul G. Gaston, of the District of Columbia bar. Mr. Gaston is lead counsel for the Hirshfeld Plaintiffs and an experienced and distinguished attorney, and his admission would be of assistance to the Court in addressing the issues set forth above.

Respectfully yours,

Gary Hoppe

and

Paul G. Gaston
Law Offices of Paul G. Gaston
1901 Pennsylvania Avenue, NW, Suite 607
Washington, D.C. 20006
(202) 296-5856
paul@gastonlawoffice.com
(to be admitted *pro hac vice*)

Copies to:   All counsel of record (via ECF and email)